IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSEPH GARWOOD,

    Plaintiff,

vs.                                                 Case No. 4:08cv454-RS/WCS

CHIEF JUSTICE PEGGY QUINCE,
et al.,

    Defendants.

                                               /

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, submitted this, his sixth civil rights complaint, on October 15, 2008. Doc. 1. Plaintiff's motion requesting leave to proceed with *in forma pauperis* status, doc. 2, has been ruled upon in a separate order entered this day.

This case, along with other cases Plaintiff recently initiated in this Court, *see* cases 4:08cv235, 4:08cv231, 4:08cv232, 4:08cv234, and 4:08cv446, are generally related. Indeed, much of Plaintiff's claim in the instant case relate to his prior case, 4:08cv232-RH/WCS, brought against Assistant State Attorney Lorena Bueno and Florida Circuit Court Judge Kathleen Dekker. Doc. 1, of case 4:08cv232. Although Plaintiff's § 1983 complaint is not on court forms as is required of *pro se* litigants in this Court, the complaint has been reviewed.

Plaintiff is suing all seven justices of the Florida Supreme Court.  Doc. 1.  Plaintiff indicates that after he submitted a complaint to the Florida Bar, alleging that Assistant State Attorney Lorena Vollrath-Bueno suborned perjury and conspired to commit perjury when she was prosecuting an action against Plaintiff, the Bar declined to prosecute Attorney Bueno.  *Id.*, at 2-3.  Plaintiff filed a petition for writ of mandamus in the Florida Supreme Court seeking an order requiring the Bar to prosecute Ms. Bueno.  *Id.*, at 3.  When the petition was denied, Plaintiff was undaunted and filed a second petition for writ of mandamus in the Florida Supreme Court, arguing the Court was wrong when it denied the first petition.  *Id.*, at 3.

Plaintiff now contends in this Court that the Florida Bar (not a Defendant in this case) and the Florida Supreme Court "have failed the public in their mission to protect the public from government lawyer misconduct."  Doc. 1, p. 4.  Plaintiff further argues that by denying his petitions for writ of mandamus, the "Justices of the Florida Supreme Court have violated Plaintiff's right under the Florida Constitution and United States Constitution to Equal Protection of the Laws."  *Id.*  Plaintiff argues that the Defendant Justices "should be ordered to pay damages to Plaintiff."  *Id.*

Plaintiff's complaint against the Assistant State Attorney, the premise for this collateral action, is an attempt to attack his criminal conviction by arguing there was prosecutorial misconduct.  As Plaintiff has previously been advised in this Court, a civil rights case may not be used to challenge a criminal conviction.  That may only be done through filing a habeas petition under § 2254 after exhausting state court remedies.

Moreover, as Plaintiff has also been previously advised in this Court, Plaintiff is prohibited from bringing a damages claim against state judges and justices for rulings

made in their capacities as judicial officers.  If a judge is acting in his or her judicial capacity, he or she is entitled to absolute immunity from liability for damages under Section 1983 unless acting in the "clear absence of all jurisdiction."  Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978).  In Stump v. Sparkman, the United States Supreme Court set "forth a two-part test for determining when a judge is entitled to immunity from money damages liability when sued under Section 1983"  Simmons v. Conger, 86 F.3d 1080, 1084 (11th Cir. 1996), *citing* Stump, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).  "The first part of the test is whether the judge dealt with the plaintiff in a judicial capacity."  Simmons, 86 F.3d at 1084-1085, *quoting* Stump, 435 U.S. at 362, 98 S. Ct. at 1107.  In this case, it is clear that the Justices of the Florida Supreme Court were acting in their judicial capacities.  The second part of the test looks at "whether the judge acted in the 'clear absence of all jurisdiction.' "  86 F.3d at 1085; 435 U.S. at 357, 98 S. Ct. at 1105, *quoting* Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351, 20 L. Ed. 646 (1872).  This second part of the test is also satisfied as Plaintiff alleges court orders which denied his petitions for writ of mandamus, and cited to Plaintiff the basis for that decision.  Doc. 1, p. 3, *citing* Tyson v. The Florida Bar, 826 So.2d 265 (Fla. 2002).  Judicial immunity is a basis for dismissal of this action against the Justices of the Florida Supreme Court.

Furthermore, Plaintiff has not presented a basis for an equal protection challenge.  He has not shown that he has been intentionally treated differently than other attorneys or that the basis for denying his petitions was due to intentional discrimination.  Indeed, Plaintiff's own allegations suggest the denial was on the merits, not because of discrimination.  That Plaintiff disagrees with the ruling is not a basis for a

discrimination claim.  To establish an Equal Protection Clause violation under the Fourteenth Amendment, a plaintiff must show that a challenged action "had a discriminatory purpose" or intent.  <u>Burton v. City of Belle Glade</u>, 178 F.3d 1175, 1189 (11th Cir. 1999), *citing* <u>Reno v. Bossier Parish Sch. Bd.</u>, 520 U.S. 471, 481, 117 S.Ct. 1491, 137 L.Ed.2d 730 (1997); <u>Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.</u>, 429 U.S. 252, 265, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); <u>Washington v. Davis</u>, 426 U.S. 229, 241-42, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976).  Plaintiff's allegations present no discriminatory intent and it is unknown whether Plaintiff contends he was discriminated against because he is male, because of his race, or some other protected basis.  Plaintiff's complaint fails to present any basis for discrimination, and fails to show any discriminatory intent.

With regard to any claims for equitable relief, this court does not sit as an appellate court, and lacks jurisdiction to review or reverse decisions of the Florida Supreme Court.  Plaintiff may not continue to seek relief against his criminal conviction through these indirect challenges.  Under <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983.  To recover damages for an allegedly unconstitutional conviction or imprisonment, a plaintiff must prove that the conviction or sentence has been reversed on appeal, expunged by an executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*.  *Id.*  Until a plaintiff's conviction or sentence has been overturned, a claim under § 1983 has not yet arisen.  *Id.* at 2373.

Plaintiff has no constitutional right to an investigation into his allegations against government lawyers, including the Assistant State Attorney, and Plaintiff shall not continue to seek relief in this Court concerning these events.  Plaintiff also may not challenge the decision of the Florida Bar and the manner in which investigations into attorneys are conducted.  That is not a federal constitutional claim and this Court lacks jurisdiction to consider Plaintiff's challenges.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** because the Defendants are protected by absolute judicial immunity and because the complaint fails to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on October 31, 2008.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**